[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves an apportionment complaint. The plaintiff, Frank M. Strazar, filed a complaint against the defendant, Russell Carter Joffe, individually and d/b/a Spectrum Building, for an accident he had while working as an independent contractor on a construction site at which the defendant was the general contractor. The defendant then filed an apportionment complaint against James Mellor, claiming that Mellor was negligent in regards to the plaintiff's alleged accident. The plaintiff has now filed motion #117 to dismiss the apportionment complaint on the grounds that the defendant failed to serve the apportionment complaint on the plaintiff.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of CT Page 13648 process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book (1998 Rev.) § 10-31. "[D]efendants' failure to serve a copy of the apportionment complaint on the plaintiff pursuant to P.A. 95-111
is ground alone for dismissal." Pashley v. Hairston, Superior Court, judicial district of New Haven at New Haven, Docket No. 384639 (February 14, 1997, Fracasse, J.) ( 19 CONN. L. RPTR. 61).
The plaintiff argues that the defendant failed to serve the apportionment complaint upon the plaintiff in accordance with General Statutes § 52-102b(a). The plaintiff attached an affidavit from John J. LaCava, a partner in the law firm representing the plaintiff, averring that because no apportionment complaint was found in the plaintiff's file, and one was not found upon a reasonable search of the firm's offices, and no attorney in the firm has a recollection of the apportionment complaint, the firm must not have received a copy of the apportionment complaint.
In opposition to the motion to dismiss, the defendant argues that he complied with Connecticut General Statutes § 52-102b(a) and Practice Book (1998 Rev.) § 10-13. The defendant attached an affidavit from Patricia Waugh, a legal secretary from the firm representing the defendant, which states that, although she has no actual recollection of mailing the pleading to the plaintiff, it is her habit, custom and practice to make photocopies and send them to all the individuals listed on the certification. The defendant argues that the plaintiff should bear the burden of demonstrating that service was not made as was required.
Pursuant to General Statutes § 52-102b(a), a "defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint." "Service upon the attorney or upon a pro se party . . . may be by delivering a copy or by mailing it to the last known address of the attorney or party . . . Service by mail is complete upon mailing . . ." Practice Book (1998 Rev.) § 10-13. "The moving party has the burden of proof on a motion to dismiss on failure to properly commence the action . . ." (Citation omitted; internal quotation marks omitted.) Datacom Results, Inc.v. Castro, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 704134 (March 21, 1996, CT Page 13649Hennessey, J.) (16 CONN. L. RPTR. 9, 273).
The service of the apportionment complaint was complete when it was mailed by the defendant in accordance with Practice Book (1998 Rev.) § 10-13. The defendant's proof that it is the practice of his firm to send copies of pleadings to all individuals listed in the certification of the pleading is, therefore, sufficient to show compliance with the Practice Book and Connecticut General Statutes § 52-102b(a).
Because the plaintiff is the moving party, he has the burden of proving that the defendant did not mail the apportionment complaint thereby failing to serve the apportionment complaint on the plaintiff. The plaintiff has failed to prove that the defendant did not mail the apportionment complaint.
The plaintiff's motion to dismiss the defendant's apportionment complaint is denied because the defendant's service of the apportionment complaint was complete upon mailing and the plaintiff has failed to meet the burden of proof to establish that the defendant did not mail the apportionment complaint.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of November, 1998.
William B. Lewis, Judge